UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WAYNE HOLMES, | No. 2:18-cv-1856 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| ROBERT W. FOX, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Review of the instant petition demonstrates that petitioner is challenging the February 3, 2017 decision of the California Board of Parole Hearings (BPH) denying petitioner parole. See ECF No. 1. Petitioner contends there was insufficient evidence to support the BPH's finding that petitioner would pose a risk to society if paroled. Petitioner presented the same issue to the San

1

Bernardino County Superior Court in a petition for writ of habeas corpus that was denied on October 4, 2017.  Id. at 2-3.

This court is without jurisdiction to consider the sufficiency of the evidence underlying a state parole decision.  The Supreme Court has declined to recognize a federal liberty interest in California's requirement that BPH decisions be supported by "some evidence" of current dangerousness.  See Swarthout v. Cooke, 562 U.S. 216 (2011).  The Court has emphasized that "the only federal right at issue is procedural, [and therefore] the relevant inquiry is what process [the prisoner] received, not whether the state court decided the case correctly."[1]  Id. at 222.  Therefore, petitioner's challenge to the evidence underlying his 2017 denial of parole is not cognizable in federal court.

Accordingly, this court finds that petitioner's challenge to the evidence underlying his 2017 denial of parole fails to state a cognizable federal claim, Swarthout, 562 U.S. at 222, and therefore recommends dismissal of the instant petition without prejudice.  See Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be denied without prejudice;

2. No certificate of appealability be issued pursuant to 28 U.S.C. § 2253(c); and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[1] States "are under no duty to offer parole to their prisoners," but the creation of the option creates a state liberty interest subject to "fair procedures" protected by federal due process. Swarthout, 562 U.S. at 220.  The Supreme Court has emphasized that "[i]n the context of parole, . . . the procedures required are minimal. . . . [A] prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  'The Constitution,' we held, 'does not require more.'  Id. at 220 (quoting Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: July 27, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE